UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  13-22494-CIV-MORENO

HERITAGE SCHOONER CRUISES, INC.,

     Plaintiff,

vs.

STEVEN CANSLER and KIM CANSLER,

     Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS TO COUNT II AND DENYING MOTION TO DISMISS AS TO COUNT I

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss. This Court finds that Plaintiff has adequately alleged facts supporting a claim for intentional tortious interference of business relations by Defendants and so DENIES this Motion as to Count I. However, the Plaintiff failed to present facts establishing that Defendants may have breached a fiduciary duty owed to the Plaintiff, so the Motion to Dismiss is GRANTED as to Count II.

I.    **Factual Background**

The instant matter arises from allegations by Plaintiff Heritage Schooner Cruises, Inc. ("Heritage Schooner") that Defendants Steven and Kim Cansler tortiously interfered with Heritage Schooner's business relationship with the Boy Scouts of America ("Boy Scouts"). For twenty-three years, Heritage Schooner annually contracted with the Boy Scouts to serve as the operator of the Florida National High Adventure Sea Base program. The Sea Base program operates charter vessels that are utilized by the Boy Scouts for weekly sailing excursions/expeditions in the Bahamas. At all

times relevant hereto, Steven Cansler owned and captained a private vessel used by the Sea Base program and Heritage Schooner as a charter for the Boy Scouts' weekly sailing excursions/expeditions. Up until the conclusion of the 2012 sailing season, Steven Cansler was paid by Heritage Schooner for the use of his private vessel and services as captain.

In January 2012, Heritage Schooner and the Boy Scouts entered into a written contract for the 2012 sailing season. However, Joseph Maggio, manager of Heritage Schooner's daily operations in the Bahamas, died shortly before the commencement of the 2012 season. Barbara Maggio, President of Heritage Schooner, asked employee Steven Cansler to temporarily handle the daily operations of the company in the Bahamas and to coordinate the sailing excursions contemplated by the 2012 contract between Heritage Schooner and the Boy Scouts.

The 2012 contract between Heritage Schooner and the Boy Scouts was not renewed. Rather, the Boy Scouts contracted with Steven Cansler directly for the 2013 sailing season. Plaintiff's two-count Complaint, which asserts claims for Intentional/Negligent Interference of an Existing Business Relationship and Breach of Fiduciary Duty, is predicated on the Boy Scouts' decision to enter into a business relationship with Steven Cansler for the Sea Base excursions for the 2013 season. Defendants have filed a Motion to Dismiss both Counts of the Complaint. This Court notes that the Complaint presents claims for both Negligent and Intentional Interference of Business Relations, but there is no available action for "Negligent" Interference of a Business Relationship in this jurisdiction. Accepting the allegations as plead and viewing them in a light most favorable to the Plaintiff, however, the Court interprets the Complaint to solely to allege Intentional Interference of Business Relations, a tort claim for which the Plaintiff may properly seek relief.

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a claim on the basis of a dispositive issue of law. *Burger King Corp. v. Holder,* 844 F. Supp. 1528, 1529 (S.D. Fla. 1993). The Court, however, must confine its analysis to the allegations as stated in the Complaint. *Id.* It must accept those allegations as true and resolve all factual issues in favor of the non-moving party. *Id.*; *Quinones v. Durkis,* 638 F. Supp. 856, 858 (S.D. Fla. 1986). The threshold of sufficiency that a complaint must meet is "exceedingly low." *Ancata v. Prison Health Servs.,* 769 F.2d 700, 703 (11th Cir. 1985)). Accordingly, a claim may be dismissed pursuant to Rule 12(b)(6) only if it is clear that no relief can be granted under any facts consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 72 (1984). The law in the Eleventh Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *S.E.C. v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir. 1988) (citations omitted). The moving party bears a heavy burden. *St. Joseph's Hosp., Inc. v. Hospital Corp. of Am.,* 795 F.2d 948, 953 (11th Cir. 1986).

## III.    Legal Analysis

A.      The Plaintiff Has Presented A Claim For Intentional Tortious Interference of Business Relations (Count I).

Count I of Plaintiff's Complaint alleges facts supporting a claim for tortious interference with Heritage Schooner's business relationship with the Boy Scouts. In Florida, the elements of a claim

for tortious interference with a business relationship are: (I) existence of a business relationship under which plaintiff has legal rights; (ii) knowledge of the relationship by defendant; (iii) an intentional and unjustified interference with the relationship by the defendant; and, (iv) damage to the plaintiff as a result of the breach of the business relationship. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 814 (Fla. 1994).

Accepting the Plaintiff's allegations as true and viewing the facts in its favor as the non-moving party, Heritage Schooner's Complaint sufficiently demonstrates a set of facts supporting a claim for an intentional interference in business relations by the named Defendants. First, in Count I, Plaintiff alleges that it has maintained a twenty-three year long business relationship with the Boy Scouts. The Complaint describes that the Plaintiff has long served as a chartering operator for the Boy Scouts' seasonal boating activities, and Plaintiff attaches, via Exhibit I, a contract between those two parties supporting this claim. Plaintiff also explains that the Defendants had full knowledge of the long-standing relationship between the Plaintiff and the Boy Scouts. These factual allegations satisfy the first two prongs of the intentional interference of business relations analysis. *See Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1473 (11th Cir. 1989); *Tamiami Trail Tours, Inc. v. J.C. Cotton*, 463 So.2d 1126, 1127 (Fla. 1985).

The third prong of an intentional interference analysis requires demonstration of both an intent to damage a business relationship and a lack of justification for doing so. *See Smith v. Emery Air Freight Corp.*, 512 So.2d 229, 230 (Fla. 3d DCA 1987). To be intentional, interference need not necessarily be motivated by the intent to secure a business advantage. The interference may be motivated by malice or by greed. *See Ahern v. Boeing Co.*, 701 F.2d 142, 145 (11th Cir. 1983); *Tamiami Trail Tours*, 463 So.2d at 1127–28. Here, the Plaintiff has alleged that Defendants

-4-

intentionally induced the Boy Scouts not to continue a business relationship with Heritage Schooner by deliberating misrepresenting certain facts regarding Heritage Schooner's future operations. The Plaintiff specifically alleges that Defendants misrepresented to the Boy Scouts that Heritage Schooner no longer wished to perform the operations set forth in its annual contract with the Boy Scouts and that the Defendants could continue operations with the Boy Scouts in its stead. Plaintiff further describes that Defendants misrepresented to the Boy Scouts that the Plaintiff affirmatively endorsed the Defendants' adoption of the Heritage Schooner-Boy Scouts contract. These factual allegations are sufficient to support a claim that Defendants intentionally and unjustifiably induced representatives of the Boy Scouts to discontinue a business relationship with the Plaintiff and instead contract with Defendants for the organization's chartering needs.

The Plaintiff finally demonstrates that Defendants' actions caused it economic damages. The Plaintiff alleges that as a direct result of the Defendants' representations and actions, the Boy Scouts did not renew its contract with Plaintiff and instead contracted with Defendants. *See Emery Air Freight Corp.*, 512 So.2d at 230. A complaint should not be dismissed for failure to state a claim unless it appears beyond any doubt that the plaintiff can prove "no set of facts in support of his claim that would entitle him to relief." *S.E.C.*, 835 F.2d at 272. This Court finds that Plaintiff Heritage Schooner has adequately alleged facts supporting its claim for intentional tortious interference of business relations. Thereby Count I of Plaintiff's Complaint shall not be dismissed on this Motion.

B.      Plaintiff Has Failed to State a Claim for Breach of Fiduciary Duty (Count II)

Count II of Plaintiff's Complaint alleges a claim for breach of fiduciary duty. It is generally recognized that a fiduciary duty relationship is evidenced by a special degree of trust and confidence between two parties where confidence is reposed by one party and trust accepted by the other. *See, e.g.*, *First Nat'l Bank & Trust Co. of Treasurer Coast v. Pack*, 789 So. 2d 411, 415 (Fla. 4th DCA 2001). "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Orlinsky v. Patraka*, 971 So. 2d 796, 800 (Fla. 3d DCA 2007) (citations omitted).

Here, the Plaintiff insufficiently supports its claim for breach of fiduciary duty. The Plaintiff states in its Count only that "Heritage Schooner and the Canslers enjoyed a relationship of trust and confidence, that is to say, confidence was reposed by Heritage Schooner in the Canslers and that trust was accepted by the Canslers." This definitional statement is not complemented by any allegations, general or specific, supporting a claim for dependency by one party and some degree of undertaking by the other party to advise, counsel, or protect the other party. *See Rishel v. Eastern Airlines*, 466 So. 2d 1136, 1138 (Fla. 3d DCA 1985). Plaintiff's Complaint does allege an employer-employee relationship between Plaintiff and Defendants, but such a relationship does not automatically create a fiduciary duty. *See Renpak, Inc. v. Oppenheimer*, 104 So. 2d 642 (Fla. 2d DCA 1958) (an employee in an employer-employee relationship does not generally occupy a position of trust). Florida courts do not find that an employee *de facto* owes a fiduciary duty to his employer. *Id.* at 651. Instead, Florida courts find fiduciary duties are created in relationships characterized by trust and assent. "A fiduciary relationship arises when one person (a "principal") manifests assent to another person (an "agent") such that the agent shall act on the principal's behalf and subject to the principal's control."

Restatement (Third) of Agency § 1.01 (2006); *see, e.g., True Title v. Blanchard*, 2007 WL 430659, *5 (M.D. Fla. 2007) (a employee-employer fiduciary relationship created when general manager defendant assented to acting on behalf of company, subject to corporate control). Without facts supporting the existence of a special degree of trust between the Defendant employees and Plaintiff employer, their employer-employee relationship does not suffice to demonstrate the basis of a fiduciary relationship. *Renpak, Inc.,* 104 So. 2d at 651.

Ultimately, the Plaintiff fails to allege facts supporting its claim in Count II that the Defendants served as fiduciary agents of Heritage Schooner. Together, even viewing the facts in a light favorable to the Plaintiff, the Plaintiff's Complaint and attachments fail to form the basis of a cognizable action for breach of fiduciary duty against the Cansler Defendants. *See Watkins v. NCNB Nat'l Bank of Fla. N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993)) (a complaint must allege ultimate facts which establish a relationship between the parties giving rise to a legal duty on the part of the defendant to protect the plaintiff from the injury of which he complains).


C.      Plaintiff's Compliance with Local Rules

As a final note, the Court acknowledges that the Plaintiff failed to file a timely response to Defendants' Motion to Dismiss. Pursuant to L.R. 7.1(c)(1), a reply memorandum to a motion must be filed within seventeen calendar days. Defendants filed their Motion to Dismiss on July 12, 2013, and Plaintiff filed its response, which should have filed by July 29, 2013, on July 31, 2013. The Court is empowered to strike Plaintiff's Response brief as untimely. *See, e.g., Hoglund v. Limbach Constructors, Inc.*, 1998 WL 307457, *4 (S.D. Fla. 1998). Nevertheless, the Court finds it prudent

to address the merits of this petition rather than grant it by default.

## IV.    Conclusion

This Court finds that Plaintiff has adequately alleged facts supporting a claim for intentional tortious interference of business relations by Defendants. However, the Plaintiff failed to present facts establishing that Defendants may have breached a fiduciary duty owed to the Plaintiff. This Court thereby GRANTS Defendants' Motion to Dismiss as to Count II and DENIES this Motion as to Count I.

DONE AND ORDERED in Chambers at Miami, Florida, this $16^{\text{r}}$ day of October, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record